YANCY STORY V. THE STATE.

No. 12787.   Delivered March 19, 1930.
Motion to reinstate overruled April 16, 1930.
Reported in 27 S. W. (2d) 204.

The opinion states the case.

*W. W. Alcorn* and *Sam Sayers,* both of Fort Worth, and *T. B. Bartlett* of Marlin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for robbery, punishment being five years in the penitentiary.

Appellant has filed with this court his affidavit advising that he no longer desires to prosecute his appeal.

The appeal is therefore dismissed.

*Dismissed.*

## ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—On March 17, 1930, an original affidavit signed by this appellant, sworn to by him and bearing the imprint of the seal of the officer who took same, was filed in the office of the clerk of this court asking that the appeal in this case be dismissed. On March 19, 1930, judgment was entered dismissing the appeal. Appellant, supported alone by his own affidavit, now moves to set aside this judgment, and as a part of his motion sets up that he entered into an agreement with the county attorney of Denton county that he should be allowed to serve out concurrently a sentence of five years in the penitentiary given him in a robbery case in Falls county, Texas, with a sentence given him in a turkey theft case in Denton county of one hundred days in the county jail, and a fine of two hundred dollars; also that a pending felony case in Collin county be dismissed. Appellant says that he consented to have his appeal dismissed because of said agreement, but having concluded that he could not serve out said sentences concurrently, and the officials of Collin county having refused to dismiss the case there pending, he asks that the dismissal be set aside. The State controverts appellant's motion, averring the willingness of the authorities of Collin county to carry out said agreement.

The law affecting that part of appellant's contention regarding the service of his said sentences concurrently, is plain and must have been known to him and his attorneys at the time said agreement was made. A sentence in the penitentiary and one adjudging that a man shall spend a certain time in the county jail, can not be served out concurrently. No showing is made of any fraud that was perpetrated upon appellant. He made and swore to a written request which was duly presented here and acted upon. The matter is somewhat similar in principle to that passed upon by us in Duke v. State, 291 S. W. Rep. 539, and Davis v. State, 290 S. W. Rep. 1097.

The motion to reinstate the appeal is overruled.

*Overruled.*