## STORY v. STATE.
### No. 12787.

Court of Criminal Appeals of Texas.
April 16, 1930.

See, also, 25 S.W.(2d) 1118; 27 S.W.(2d) 204.

W. W. Alcorn and Sam Sayers, both of Fort Worth, and T. B. Bartlett, of Marlin, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

On March 17, 1930, an original affidavit signed by this appellant, sworn to by him and bearing the imprint of the seal of the officer who took same, was filed in the office of the clerk of this court asking that the appeal in this case be dismissed. On March 19, 1930, judgment was entered dismissing the appeal. Appellant, supported alone by his own affidavit, now moves to set aside this judgment, and as a part of his motion sets up that he entered into an agreement with the county attorney of Denton county that he should be allowed to serve out concurrently a sentence of 5 years in the penitentiary given him in a robbery case in Falls county, Tex., with a sentence given him in a turkey theft case in Denton county of 100 days in the county jail, and a fine of $200, also that a pending felony case in Collin county be dismissed. Appellant says that he consented to have his appeal dismissed because of said agreement, but, having concluded that he could not serve out said sentences concurrently, and the officials of Collin county having refused to dismiss the case there pending, he asks that the dismissal be set aside. The state controverts appellant's motion, averring the willingness of the authorities of Collin county to carry out said agreement.

The law affecting that part of appellant's contention regarding the serving of his said sentences concurrently is plain, and must have been known to him and his attorneys at the time said agreement was made. A sentence in the penitentiary and one adjudging that a man shall spend a certain time in the county jail cannot be served out concurrently. No showing is made of any fraud that was perpetrated upon appellant. He made and swore to a written request which was duly presented here and acted upon. The matter is somewhat similar in principle to that passed upon by us in Duke v. State, 106 Tex. Cr. R. 154, 291 S. W. 539, and Davis v. State, 105 Tex. Cr. R. 616, 290 S. W. 1097.

The motion to reinstate the appeal is overruled.

## STORY v. STATE.
### No. 13463.

Court of Criminal Appeals of Texas.
April 16, 1930.

Rehearing Denied May 14, 1930.

For former opinion, see 25 S.W.(2d) 1119.

W. W. Alcorn, of Fort Worth, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Appellant files his motion to reinstate the appeal upon the same ground and for the same reason as appear in cause No. 12787, Yancy Story v. State of Texas (Tex. Cr. App.) 27 S.W.(2d) 204 in which an opinion

overruling the motion to reinstate is this day handed down. For the same reasons the motion to reinstate in this case will be denied.

### On Motion for Rehearing.

Appellant moves for a rehearing, and the re-instatement of his appeal. He presents no new facts, or authorities or any sufficient reasons which appeal to us as showing that our original judgment declining to re-instate his appeal, was erroneous.

The motion for rehearing will be overruled.