(No. 28721.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM KENNAY, Plaintiff in Error.

*Opinion filed November 21, 1945.*

SMITH, J., dissenting.

CARL H. PREIHS, of Pana, and CHARLES R. MYERS, of Vandalia, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM F. SONNEMANN, State's Attorney, of Vandalia, for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, William Kennay, brings his cause here seeking a reversal of a conviction in the circuit court of Fayette county upon an indictment returned against him on August 29, 1944, charging him with the crime of escaping from the Illinois State Farm. The crime of escape with which he is charged is set forth in section 5 of an act entitled: "An act in relation to the Illinois State Farm." (Ill. Rev. Stat. 1943, chap. 118, par. 18.) The facts surrounding his incarceration and which resulted in his indictment and sentence are as follows: William Kennay was indicted and convicted in the county court of Lee county and sentenced to the Illinois State Farm at Vandalia, to serve a sentence of one year for petit larceny and was delivered to the State farm on September 19, 1942. On February 9, 1943, he escaped. For that escape he was indicted by the circuit court of Fayette county and was sentenced to the pentitentiary February 27, 1943, for a period of from one to ten years. He was delivered to the penitentiary to serve his sentence and, after serving same was, on April 13, 1944, released and returned to the Illinois State Farm to complete his former unexpired sentence. On July 7, 1944, while serving his unexpired term, he again escaped but was apprehended and returned to the State farm the next morning. On August 10, 1944, he again escaped and on August 11, was again apprehended and returned to the State farm. For the latter escape he was indicted on August 29, 1944, and tried by a jury which resulted in a verdict of guilty. He was sentenced again to the penitentiary for a term of from one to ten years. Motions for a new trial and in arrest of judgment were made and denied.

It is first contended by plaintiff in error that the indictment does not charge a crime and the motion to quash should have been sustained. It is contended the one-year

sentence of imprisonment at the Illinois State Farm, imposed upon him by the county court of Lee county, ran concurrently with the sentence he served in the penitentiary in pursuance of the judgment of the circuit court of Fayette county, and, at the time of his alleged escape, had terminated and expired; that he was, therefore, not then lawfully held a prisoner at the State farm and could not be guilty of the crime of escape therefrom. In support of his contention he relies upon what we said in *People ex rel. Clancy* v. *Graydon*, 329 Ill. 398, that a sentence of six-months' imprisonment in the Cook county jail, imposed by the criminal court, ran concurrently with a six-months' sentence to the same jail imposed by the superior court. This court there said: "The rule of law is well settled that two or more sentences of a defendant to the same place of confinement run concurrently in the absence of specific provisions in the judgment to the contrary, and where a defendant is already in execution on a former judgment and the second sentence does not state that the time is to commence at the expiration of the former, the sentences will run concurrently in the absence of a statute providing for a different rule."

Plaintiff in error recognizes that two sentences, in order to run concurrently, must be sentences to the same place of confinement; but he argues that because the State farm, to which he was sentenced by the county court of Lee county, and the penitentiary, to which he was sentenced by the circuit court of Fayette county, are both penal institutions of the State and both under control and management of the Department of Public Safety, therefore the State farm and the penitentiary must be considered as divisions of the same institution and the two places of imprisonment to which he was sentenced must be considered as one. The Illinois State Farm is the only penal institution of its particular kind in the State. It was created for a particular purpose and for a particular class of offenders.

(*People* v. *Callicott*, 322. Ill. 390.) It is entirely different in its object, purposes, and management from a penitentiary, and has never been designated by the legislature as a penitentiary. The Penitentiary Act of 1933 defines the penitentiary system of the State as including the penitentiary at Joliet, the penitentiary at Chester, the reformatory at Pontiac, and the asylum for insane criminals at Chester, and provides that these institutions shall be consolidated into a single institution to be known as the Illinois State Penitentiary. (Ill. Rev. Stat. 1943, chap. 108, par. 105.) By specifically excluding the State farm from the consolidated penitentiary system, the legislature evidently intended that it should not be considered as a penitentiary or as a division or part of the penitentiary system. If it was intended to be considered as a part of this system it would undoubtedly have been named in the consolidation act. Moreover, those persons found guilty of a crime punishable by imprisonment in the penitentiary are not included among the offenders which the courts are authorized to sentence to the State farm. (Ill. Rev. Stat. 1943, chap. 118, par. 15.) These statutory provisions clearly indicate that a sentence to the State farm and a sentence to the State penitentiary are not sentences to the same place of confinement. The State farm is so entirely different from a penitentiary that it cannot be considered as the same or even as a similar place of confinement. The crime for which plaintiff in error was sentenced by the circuit court of Fayette county was a felony. (Ill. Rev. Stat. 1943, chap. 38, par. 585; chap. 118, par. 18.) That for which he was sentenced by the county court of Lee county was a misdemeanor. (Ill. Rev. Stat. 1943, chap. 38, pars. 586, 389.) A felony is a graver crime than a misdemeanor, and a sentence to the penitentiary is a severer grade or degree of punishment than a sentence to the State farm. The rule contended for by plaintiff in error cannot be made to apply to a case where one sentence was to the State farm upon conviction

of a misdemeanor and the other sentence was to the penitentiary upon conviction of a felony.

Plaintiff in error also claims that the evidence does not sufficiently establish the lawfulness of his imprisonment at the time of his alleged escape, in that the record fails to show that a *mittimus* was ever issued by the county court of Lee county. The People introduced in evidence a duly authenticated copy of the judgment entered by the county court of Lee county sentencing plaintiff in error to the Illinois State Farm. This judgment was, in and of itself, sufficient proof of the validity of his imprisonment by virtue thereof without a *mittimus*. It is the judgment and sentence of a court of competent jurisdiction which is the real authority for the detention of a prisoner and not the *mittimus* or warrant of commitment. *People* v. *Daulley,* 387 Ill. 403; *People ex rel. Courtney* v. *Thompson,* 358 Ill. 81; *Hill* v. *United States ex rel. Wampler,* 298 U. S. 460, 56 S. Ct. 760.

It is further contended by plaintiff in error that there was no proof that he ever actually escaped from the State farm, but only proof that he was absent or missing, and also that the court erred in admitting evidence of two separate and distinct escapes. The evidence shows beyond any question two escapes by plaintiff in error, one in the month of July, 1944, and one in August of the same year. Plaintiff in error did not testify and offered no evidence in denial of either escape. The indictment charged that he escaped on, to wit, August 11, 1944. It was not necessary, however, to prove the precise date as alleged; and plaintiff in error contends that the People, by first introducing evidence of an escape on July 7, elected to rely on that escape, and the admission, over objection, of evidence of the escape of August 11 was, therefore, reversible error. The jury did not have the duty in this case of fixing the penalty or the extent of the penalty; and it is clear to our

minds that the verdict should and would have been the same had the evidence objected to been excluded. This court has held in numerous decisions that error in the admission of evidence will afford no ground for reversal in a criminal case where it appears from the record that such testimony could not reasonably have affected the result of the trial. (*People* v. *Bartell,* 386 Ill. 483; *People* v. *Oberholdt,* 359 Ill. 39; *People* v. *White,* 338 Ill. 33; *People* v. *Burger,* 259 Ill. 284; *People* v. *Cleminson,* 250 Ill. 135.) No other verdict would have been reasonably possible if the evidence complained of had been excluded. The object of this court in reviewing a judgment is not to determine whether the record is free from error, but to ascertain whether a just conclusion has been reached, founded upon competent and sufficient evidence, after a trial in which there has been no such error as might be prejudicial to the defendant's rights. *People* v. *Storer,* 329 Ill. 536.

No error appears in this record requiring the reversal of the judgment and it is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SMITH, dissenting.