Argued January 3, affirmed February 23, petition for rehearing denied March 21, 1967, United States Supreme Court denied certiorari November 20, 1967 and denied leave to file petition for rehearing January 15, 1968

## STATE OF OREGON, *Respondent, v.* SIDNEY E. NELSON, *Appellant.*

424 P. 2d 223

Sidney E. Nelson, Salem, appellant, *in propria persona*.

George Van Hoomissen, District Attorney, and Jacob B. Tanzer, Deputy District Attorney, Portland, for respondent.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PERRY, C. J.

The defendant Sidney E. Nelson was found guilty of contempt of court and appeals.

The facts are that the defendant and one Woody Leon Beggs were codefendants charged with the crime of assault and robbery, being armed with a dangerous weapon. The defendant entered a plea of guilty and was sentenced to the Oregon State Penitentiary. He then appeared as a witness on behalf of the state in the trial of Beggs and testified fully to his and Beggs participation in the crime charged.

It appears from the record that a disposition of Beggs' case was not accomplished at this trial and a new trial was commenced in the Circuit Court for the

county of Multnomah. The defendant was returned from the penitentiary to appear on behalf of the state, and on November 4, 1965, he was sworn as a witness, but refused to testify on the grounds of self-incrimination.

■ The questions asked of the defendant pertained to the crime of which he already stood convicted, and to which he had previously testified in the prior trial of Beggs. The courts are in agreement that the privilege against self-incrimination is waived where the witness has entered a plea of guilty and been sentenced and the examination is directed to eliciting facts concerning the crime of which he was convicted. Annotations, 9 ALR 3rd 991.

After being informed by the trial court that his answers would not incriminate him as he had already been convicted of this crime, the defendant withdrew his contention of self-incrimination, but refused to answer the questions.

The trial court then found the defendant guilty of contempt and orally sentenced the defendant to "five months in the county jail to be served concurrently with" his present sentence to the penitentiary.

A short time thereafter, and on the same day, the trial court had the defendant returned into court and the following occurred:

"THE COURT: Mr. Grant—and let the record show that Mr. Nelson is present, the Court misspoke itself when it sentenced the defendant, Mr. Nelson, in the contempt charge, I said he will serve five months in the county jail concurrently with this case, No. C-42161, and what I meant was consecutively, otherwise, there would be no punishment at all, so it's quite obvious, and so I want the order to reflect the thinking of the Court and it will be consecutively."

Thereafter, the trial court signed and caused to be entered in the records of the court the judgment of contempt and sentence providing that the jail sentence for contempt should be commenced after defendant's present sentence to the penitentiary expired.

The sole question presented by this appeal is whether the trial court may, after having orally pronounced his sentence, change that sentence.

■ Subject to exceptions not here pertinent, it is the rule in this state that the trial court may not revise its judgment and increase the sentence even during the term at which it was pronounced if "the judgment has gone into effect by commitment of the defendant under it, * * *." *State v. Ludwig,* 218 Or 483, 492, 344 P2d 764; *State v. Cannon,* 11 Or 312, 314, 2 P 191.

It is clear in this case that the execution of the judgment had not commenced at the time the trial court revised its judgment.

■ Also, it is a general rule that if the judgment of the trial court is illegal and void, the trial court has not exhausted its jurisdiction since it has in fact failed to pronounce any sentence. When this occurs, the trial court may "then substitute a valid sentence for the one that is void." *Gladden v. Kelly,* 213 Or 197, 200, 324 P2d 486; *Little v. Gladden,* 202 Or 16, 273 P2d 443.

ORS 137.320 provides that "[w]hen the judgment is imprisonment in the penitentiary or the Oregon State Correctional Institution, the sheriff shall deliver the defendant * * *" to that institution.

ORS 137.330 provides that a "judgment of imprisonment in the county jail" shall be served in the jail.

■ Since the legislature has designated where sentences for imprisonment for crimes shall be served, a trial court has no authority to provide that the

sentence shall be served in any place other than so designated.

ORS 33.020 provides that punishment for contempt when a jail sentence is pronounced shall be served in the county jail.

■ Since the trial court was without authority to provide that the contempt sentence could be served in the penitentiary by providing thus in the prior order, it follows that the prior order was void and the trial court was authorized to enter a valid judgment.

■ Concurrent sentences may be provided only when they may be served in the same institution. *People v. Kennay,* 391 Ill 572, 63 NE2d 733; *Anthony v. Kaiser,* 350 Mo 748, 169 SW2d 47; *In re Swink,* 243 NC 86, 89 SE2d 792.

The judgment of the trial court is affirmed.