## No. 25311

### The People of the State of Colorado v. Donald George Emig, a/k/a Donald George Amig
(493 P.2d 368)

Decided January 31, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Harry Kengle, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This appeal comes to us pursuant to denial of defendant's Rule 35(b) motion by the trial court. The defendant, Donald George Emig, contends that he is entitled to a Rule 35(b) order either vacating his sentence or correcting it because (1) the trial court changed his original sentence *sua sponte*

without notice to him, out of his presence and without an opportunity for a hearing; (2) the trial court increased his sentence after he had commenced serving it; and, (3) the order returning him to the Colorado State Penitentiary after he had served six hours of his misdemeanor sentence operated to discharge the misdemeanor sentence. We find merit in his first contention and reverse and remand the case for further attention from the trial court on the issue of sentencing.

The record reveals that defendant was an inmate at the Colorado State Penitentiary when he was brought to El Paso County pursuant to a Writ of Habeas Corpus Ad Prosequendum to stand trial for a misdemeanor. The Writ provided that defendant was to be returned to the penitentiary upon completion of the trial. The defendant pleaded guilty and on April 16, 1971, was sentenced to serve five months in the county jail. The trial judge directed that this sentence be served before his return to the penitentiary, whereupon defendant was incarcerated in the county jail. On that same day, a warden of the county jail was informed by a deputy warden of the penitentiary that the defendant should be returned to the penitentiary and he was returned.

Three days later, on April 19, 1971, the trial court, without notice to defendant, and absent his presence and the presence of his attorney, amended the sentence to state that the county jail sentence would be served upon defendant's release from the penitentiary. Defendant's Rule 35(b) motion to correct or vacate the amended sentence was denied.

 We agree with the trial court that the original sentence was invalid. A defendant cannot serve a county jail sentence while incarcerated in the penitentiary, and conversely, he cannot serve a penitentiary sentence in the county jail. *In Re Smith*, 235 N.C. 169, 69 S.E.2d 174; *People v. Kennay*, 391 Ill. 572, 63 N.E.2d 733; *Anthony v. Kaiser*, 350 Mo. 748, 169 S.W.2d 47; *Story v. State*, 114 Tex. Cr. R. 668, 27 S.W.2d 204. The trial court does not have authority or jurisdiction to interrupt a penitentiary sentence with another sentence.

■ A trial court, of course, has the right and duty to set aside at any time a sentence which is void. *Casias v. People,* 148 Colo. 544, 367 P.2d 327, *cert den.* 369 U.S. 862, 82 S.Ct. 952, 8 L.Ed.2d 20; *Villalon v. People,* 145 Colo. 327, 358 P.2d 1018; Crim. P. 35(a). However, by resentencing defendant in the way it did, the trial court failed to take cognizance of the critical importance of the sentencing procedure in the judicial process. *See Mempha v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336.

■ A defendant must be notified when sentence will be pronounced, and has a right to be present in the court with legal counsel at that time. He has a right of allocution before sentence is handed down which cannot be withheld from him. Failure of the court to properly insure these rights of a defendant renders invalid a sentence pronounced under those circumstances. *Noland v. People,* 175 Colo. 6, 485 P.2d 112; *Coleman v. People,* 174 Colo. 94, 482 P.2d 378; *Guerin v. Fullerton,* 154 Colo. 142, 389 P.2d 84.

■ In the case at bar, the amended sentence handed down by the trial court is invalid for the reason that neither the defendant nor his attorney were notified of resentencing, neither was present and the substantial rights of defendant were violated by these omissions. Since the sentence originally pronounced was illegal, defendant's second and third contentions became moot.

The judgment is reversed, and the cause remanded with instructions to the trial court to vacate the sentence and to resentence in accordance with law.