ORVILLE RICHARD ALFORD *v.* STATE OF INDIANA.

[No. 3-672A21. Filed March 27, 1973.]

*Daniel R. Roby, Wyss, McCain, Mochamer, Roby, Ryan &
Myers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,*
Deputy Attorney General, for appellee.

STATON, J.—NATURE OF THE APPEAL: Orville Richard Alford, hereinafter referred to as Alford, pled guilty on September 9, 1968 to the offense of second degree burglary.[1] Before

Alford was sentenced by the Allen Circuit Court, he left Indiana for Kentucky where he was convicted for a second offense and sentenced to the Kentucky State Penitentiary. During Alford's incarceration in Kentucky, he filed a motion for speedy trial and motion to dismiss pending charge with the Allen Circuit Court. A writ of mandate for discharge filed with the Supreme Court of Indiana was denied too. After serving three years in the Kentucky State Penitentiary, Alford was returned to Indiana on a detainer warrant and sentenced by the Allen Circuit Court on March 20, 1972 to not less than two (2) nor more than five (5) years. On the day of sentencing, Alford filed a petition for discharge on the grounds that the State of Indiana should have returned him to Indiana for sentencing earlier so that his Indiana and Kentucky sentences would run concurrently. It is from the overruling of this petition that Alford appeals.

We affirm the Allen Circuit Court's judgment denying Alford's petition for discharge in our opinion which follows.

STATEMENT OF THE FACTS: The record discloses the following detailed sequence of events climaxing in the sentencing of Orville Richard Alford and ultimately in this appeal:

1965

Nov. 18, 1965—Affidavit for second degree burglary filed against Orville Richard Alford.

1968

Aug. 12, 1968—After many continuances at Defendant Alford's request, arraignment set for Sept. 9, 1968.

Sept. 9, 1968—Alford pleads guilty to second degree burglary; sentencing set for Oct. 7, 1968.

Oct. 4, 1968—Pre-commitment report filed.

Oct. 7, 1968—Sentencing deferred until Jan. 6, 1969 at Alford's request.

1969

Jan. 6, 1969—Sentencing deferred until Jan. 13, 1969 at Alford's request.

---

1. IC 1971, 35-13-4-4; Ind. Ann. Stat. § 10-701 (Burns 1956).

Jan. 13, 1969—First detainer warrant issued to the State of Kentucky.

Jan. 15, 1969—Alford fails to appear and his bondsman given 10 days to produce him.

1970

Feb. 26, 1970—Alford files motion for speedy trial pro se.

*Mar. 2, 1970—Alford appears in court and cause continued to Mar. 16, 1970.

*Mar. 16, 1970—Alford appears in court and cause deferred to Mar. 23, 1970 at Alford's request.

Mar. 31, 1970—Alford files motion to dismiss pending charge again pro se.

*April 6, 1970—Alford appears in court and cause deferred until April 20, 1970 at Alford's request.

April 13, 1970—Alford's motion to dismiss denied by the Allen Circuit Court.

April 20, 1970—Alford appears by counsel and cause continued until his return to the jurisdiction.

Nov. 9, 1970—Supreme Court of Indiana denies Alford's writ of mandate for dismissal of charge.

1972

Feb. 22, 1972—Second detainer warrant issued to the State of Kentucky.

Mar. 6, 1972—Alford appears in court and cause continued until Mar. 20, 1972 to allow filing of a motion to dismiss.

Mar. 20, 1972—Alford files petition for discharge which is denied; Alford sentenced to not less than 2 nor more than 5 years.

*Although the record states that Alford appeared in court in person, this is controverted by the fact that he was incarcerated in the Kentucky State Penitentiary from January, 1969 to March, 1972.

Alford timely filed his motion to correct errors on March 27, 1972 which raises the issues discussed below.

STATEMENT OF THE ISSUES: The sole contention of error is that the trial court erred in overruling Alford's petition for discharge on the grounds that Alford was entitled to have his Indiana and Kentucky sentences run concurrently; therefore, the delay in sentencing was error. This contention of error raises the following issues for our consideration:

1. Does Alford have a right to serve the sentence for his Indiana criminal offense and the sentence for his Kentucky criminal offense concurrently?
2. Was sentencing without delay mandatory upon the Allen Circuit Court?

We find that the petition for discharge was properly denied for the reasons set out in our STATEMENT ON THE LAW section below, and we affirm the trial court's judgment.

STATEMENT OF THE LAW: We preface our discussion of the above issues by noting that Alford contends that Rules CR. 4(A) and (B) of the Indiana Rules of Criminal Procedure and cases relating to a right to speedy trial are applicable to sentencing. We reject this contention. Rules 4(A) and (B) refer only to defendants who are in jail awaiting trial and who are, therefore, presumed innocent. Alford had pled guilty. The trial court had accepted his plea and found him guilty. Alford stood convicted of second degree burglary. He was only awaiting sentencing when he was convicted of a second offense in Kentucky and sentenced to the Kentucky State Penitentiary. In the recently decided *Hart* v. *State* (1973), 260 Ind. 137, 141, 292 N.E.2d 814, 816, our Supreme Court expressed the necessity for speedy trial and the resultant prejudice to defendant as follows:

". . . It is often impossible to clearly specify exactly the prejudice resulting from the denial of a speedy trial. Memories fade and evidence may be lost, but if the accused's investigation does not begin until months or years after the crime, he may never know what was lost. Such a procedure also acts as an incentive for the State to prosecute its case promptly. . . ."

Once the defendant has pled guilty and is convicted of the offense, the possibility of lost evidence or fading memories of witnesses is no longer a factor. Although Alford had not been sentenced, his right to file a motion to withdraw his guilty plea or to file a petition for post conviction relief under

PC. 1 of the Indiana Rules of Procedure were in no way impaired.

ISSUE ONE:

> Does Alford have a right to serve the sentence for his Indiana criminal offense and the sentence for his Kentucky criminal offense concurrently?

> There is no constitutional right to serve concurrent sentences for different crimes in Indiana. The Indiana Supreme Court in *Bewley* v. *State* (1966), 247 Ind. 652, 654, 220 N.E.2d 612, 613, held that:

> ". . . [T]here is no constitutional right on the part of a criminal to serve his sentences concurrently for various crimes. To so hold would minimize the penalty for the commission of additional crimes, since the sentences could all be served more or less concurrently."

Furthermore, there is no guarantee that had Alford been returned to Indiana for sentencing and served his Indiana sentence here that Kentucky could not impose the remainder of his Kentucky sentence upon his return to that jurisdiction. Under KY. REV. STAT. § 440.330 (Baldwin 1972), Alford's release to Indiana could have been conditional upon his subsequent return to Kentucky to complete his sentence after serving his Indiana sentence:

> "The Governor may in his discretion surrender upon demand of the executive authority of another state, any person found in this state, notwithstanding the fact that a criminal prosecution or charges under the laws of this state are pending against such person, or that such person has been convicted in this state and is serving a sentence in any penal institution of this state. The Governor may condition the release of such prisoner to the demanding state upon such terms as he may stipulate, including the condition that the prisoner be returned to this state immediately after trial and before commencing the service of sentence, if any, in the demanding state; provided, however, in no case shall surrender of such prisoner be construed as a complete relinquishment of jurisdiction by this state, but such prisoner shall forthwith be

returned to the custody of this state at expense of the demanding state, immediately after trial in the demanding state, or the completion of sentence therein, as the case may be."

It is also well established in other jurisdictions that concurrent sentences may be ordered only when they are to be served in the same institution. *State* v. *Nelson* (1967), 246 Ore. 321, 424 P. 2d 223; *State* v. *Smith* (1952), 235 N. C. 169, 69 S. E. 2d 174; *People* v. *Ragen* (1947), 396 Ill. 554, 72 N.E.2d 311; *People* v. *Kennay* (1945), 391 Ill. 572, 63 N.E.2d 733; *Anthony* v. *Kaiser* (1943), 350 Mo. 748, 169 S. W. 2d 47. Alford had no right to serve his Indiana and Kentucky sentences concurrently.

ISSUE TWO:

Was sentencing without delay mandatory upon the Allen Circuit Court?

It is the law in Indiana that a defendant has a right to be sentenced without delay. *Varish* v. *State* (1928), 200 Ind. 358, 163 N.E. 513; *McLaughlin* v. *State* (1934), 207 Ind. 484, 192 N.E. 753; *Moore* v. *State* (1972), 154 Ind. App. 482, 290 N.E.2d 472. However, it is also the rule in Indiana that where the defendant is himself responsible for the delay in sentencing, he cannot complain of the delay. *Varish* v. *State, supra; McLaughlin* v. *State, supra; Moore* v. *State, supra.* The record discloses that at no time was sentencing delayed at the request of the State. On October 7, 1968 and January 6, 1969 sentencing was delayed at Alford's request. Thereafter Alford absented himself from the jurisdiction of the Allen Circuit Corut, was arrested in Kentucky and incarcerated in the Kentucky State Penitentiary from January, 1969 to March, 1972. Assuming *arguendo* that from January, 1969, to March, 1972, Alford's part in causing the delay had become involuntary and could no longer be imputed to him, the trial court may still delay sentencing for good cause. *McLaughlin* v. *State, supra;*

*Smeltzer* v. *State* (1962), 243 Ind. 437, 185 N.E.2d 428. The cost of returning Alford to Indiana for sentencing and then returning him to Kentucky to continue his Kentucky sentence would have been upon the State of Indiana. There is no showing that as a matter of law Alford would have served a substantially lesser period of time incarcerated in penal institutions had the Allen Circuit Court sentenced him at the earliest possible opportunity. Where there is no showing of prejudice to the rights of defendant, the delay in sentencing by the Allen Circuit Court until after Alford had finished serving his Kentucky sentence was not error. It is incumbent upon the defendant to show that he was in some way prejudiced by the delay. *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339. No prejudice to Alford has been shown.

The judgment of the Allen Circuit Court denying Alford's petition for discharge should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J. concur.