STATE of South Dakota, Plaintiff
and Appellee,

v.

William Michael McCONNELL, DOB:
10–15–60, PCN: 2029218, Defendant
and Appellant.

No. 17836.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1992.

Decided Feb. 10, 1993.

Mark Barnett, Atty. Gen., Patricia Cronin, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Michael Stonefield, Office of Public Defender, Rapid City, for defendant and appellant.

AMUNDSON, Justice.

William Michael McConnell (hereinafter "McConnell") appeals his judgment of conviction for aggravated assault. We affirm the conviction, but reverse the sentence and remand for resentencing.

McConnell was sentenced to eight years in the state penitentiary. While in the penitentiary he will be under supervision of the Department of Corrections, an agency of the executive branch. *State v. Wooley,* 461 N.W.2d 117 (S.D.1990). SDCL 24–2–1. The circuit court also placed McConnell on probation for eight years starting from the date of his sentencing. As a probationer, McConnell will be under the supervision of the court service department of the judicial branch. SDCL 23A–27–12.1.

This concurrent penitentiary term and probation requirement effectively put McConnell under simultaneous supervision of both the executive and judicial branches of government. In *State v. Huftile,* 367 N.W.2d 193 (S.D.1985) and *Wooley,* we held that a defendant convicted of a crime should not be under simultaneous supervision of agencies of two separate branches of government. Based on this established precedent, the sentence is reversed and remanded to the circuit court with direction to fashion a sentence consistent with this decision.

McConnell also argued that the trial court erred by refusing to give a requested jury instruction. We have considered McConnell's arguments and find them to be without merit. We affirm the trial court's decision.

MILLER, C.J., and HENDERSON and WUEST, JJ., concur.

SABERS, J., concurs specially.

SABERS, Justice (concurring specially).

I agree with the substance of the majority opinion and the treatment of *Huftile* and *Wooley.* In *Wooley,* we reversed one portion of the sentence to eliminate the objectional simultaneous supervision. We could do that here and I would. *Wooley,* 461 N.W.2d at 120–21. I recognize that under the remand of the majority, the circuit

court could eliminate *either* portion of the sentence; the prison term *or* the eight years probation. I write to make it clear that the circuit court cannot increase Defendant's sentence. *In re Grosh*, 415 N.W.2d 824 (S.D.1987); *State v. Bucholz*, 403 N.W.2d 400 (S.D.1987).