**STATE of South Dakota, Plaintiff and Appellee,**

v.

**James D. MOON, Defendant and Appellant.**

No. 18212.

Supreme Court of South Dakota.

Considered on Briefs Sept. 3, 1993.

Decided April 6, 1994.

Mark Barnett, Atty. Gen., Joan Boos Schueller, Asst. Atty. Gen., Pierre, for appellee.

James D. Moon, pro se.

PER CURIAM.

James D. Moon (Moon) pled guilty to DUI, SDCL 32–23–1, and a Part II information for prior offenses. SDCL 32–23–4.2. His written sentence read, in part:

ORDERED that the Defendant be sentenced to the South Dakota State Penitentiary for a term and period of eighteen (18) months, it is further

ORDERED that he be placed on probation for a term and period of five (5) years and in the event he violates probation, he is to serve another six (6) months in the South Dakota State Penitentiary[.]

Moon filed an application for correction of sentence, SDCL 23A–31–1, arguing that the sentence imposed was an illegal sentence, SDCL 23A–27–18.1, and asking the court to delete the portion of the sentence requiring probation. The court overruled the motion. Moon, who has now been discharged from the penitentiary, appeals from this order.

Moon contends that the trial court erred by imposing an eighteen month penitentiary term and a five year term of probation. We affirm in part and reverse in part.

This issue was most recently discussed in *State v. McConnell,* 495 N.W.2d 658 (S.D. 1993):

McConnell was sentenced to eight years in the state penitentiary. While in the penitentiary he will be under supervision of the Department of Corrections, an agency of the executive branch. *State v. Wooley,* 461 N.W.2d 117 (S.D.1990). SDCL 24–2–1. The circuit court also placed McConnell on probation for eight years starting from the date of his sentencing. As a probationer, McConnell will be under the supervision of the court service department of the judicial branch. SDCL 23A–27–12.1.

This concurrent penitentiary term and probation requirement effectively put McConnell under simultaneous supervision of both the executive and judicial branches of government. In *State v. Huftile,* 367 N.W.2d 193 (S.D.1985) and *Wooley,* we held that a defendant convicted of a crime should not be under simultaneous supervision of agencies of two separate branches of government.

In *McConnell,* this Court reversed the sentence and remanded to the circuit court with directions to fashion a sentence consistent with the decision. This was in accordance with the Court's disposition of *State v. Huftile, supra.* In *State v. Wooley, supra,* however, we reversed one portion of the sentence to eliminate the objectionable simultaneous supervision. Consequently, elimination of probation is appropriate and required in this case.

Affirmed in part and reversed in part.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.