**Anthony ASHFORD, Appellant,**

v.

**STATE of Missouri, et al., Respondent.**

**No. WD 67620.**

Missouri Court of Appeals,
Western District.

June 12, 2007.

Anthony Ashford, Bowling Green, appellant acting pro se.

Andrew W. Hassell, Jefferson City, for respondent.

Before VICTOR C. HOWARD, C.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Judge.

Anthony Ashford appeals the judgment granting the Department of Corrections' motion for summary judgment on Mr. Ashford's petition for declaratory judgment or writ of prohibition. Mr. Ashford contends that the Department of Corrections erroneously characterized the penalties for certain of his criminal sentences as consecutive to as opposed to concurrent with certain of his prior criminal sentences. In his two points on appeal, Mr. Ashford contends summary judgment was improper because he demonstrated material facts in dispute and because the trial court misapplied the law. The points are denied, and the judgment of the trial court is affirmed.

### Facts

A St. Louis jury convicted Mr. Ashford of one count of first-degree robbery, two counts of kidnapping, and one count of assault with intent to do great bodily harm in Case No. 78–1927. He was sentenced in 1979 to a total of 35 years in the Department of Corrections. The convictions and sentences were as follows:

Case No. 78-1927 St. Louis City Circuit Court
Sentence Date: 09/18/1979
Received Date: 09/20/1979
Return Date: 03/13/1981

| | Calculation | Minimum | Maximum |

| # [1] | Offense | Sentence | Start | Release Date | Release Date |
|---|---|---|---|---|---|
| 1 | Robbery, First Degree | Ten (10) Years | 08/01/1978 | 01/31/1986 | 07/31/1988 |
| 2 | Kidnapping | Ten (10) Years | 08/01/1978 | 01/31/1986 | 07/31/1988 |
| 3 | Kidnapping | Ten (10) Years | 01/31/1986 | 07/30/1993 | 01/30/1996 |
| 4 | Assault With Intent To Do Great Bodily Harm With Malice | Fifteen (15) Years | 07/30/1993 | 10/29/2004 | 07/29/2008 |

The sentences for convictions # 1 and # 2 were to be served concurrently with each other, the sentence for conviction # 3 was to be served consecutively to sentences # 1 and # 2, and sentence # 4 was to be served consecutively to sentence # 3. Mr. Ashford escaped custody on March 12, 1981, and was apprehended sometime thereafter. On October 23, 1981, the Cole County Circuit Court accepted Mr. Ashford's guilty pleas in Case No. CR181–56F to the following charges pertaining to the events surrounding Mr. Ashford's escape and apprehension and imposed the following sentences:

**Case No. CR18-156F Cole County Circuit Court 10/23/1981**
Offense Date: 03/12/1981
Sentence Date: 10/23/1981
$Received Date: 10/23/1981

| # | Offense | Sentence | Calculation Start | Minimum Release Date | Maximum Release Date |
|---|---|---|---|---|---|
| 5 | Escape | Ten (10) Years | 10/29/2004 | 10/28/2011 | 10/28/2014 |
| 6 | Burglary, First degree | Thirty (30) Years | 10/29/2004 | 10/28/2029 | 10/28/2034 |
| 7 | Kidnapping | Thirty (30) Years | 10/29/2004 | 10/28/2029 | 10/28/2034 |
| 8 | Kidnapping | Thirty (30) Years | 10/29/2004 | 10/28/2029 | 10/28/2034 |
| 9 | Stealing | Fifteen (15) Years | 10/29/2004 | 10/28/2016 | 10/28/2019 |
| 10 | Robbery, First Degree [2] | Life Imprisonment | 10/29/2004 | 99/99/9999 | 99/99/9999 |

**Case No. CR18-156F Cole County Circuit Court 10/23/1981**
Offense Date: 03/12/1981
Sentence Date: 09/17/1992
Received Date: 09/17/1992

| # | Offense | Sentence | Calculation Start | Minimum Release Date | Maximum Release Date |
|---|---|---|---|---|---|
| 11 | Robbery I | Twenty (20) Years | 10/29/2004 | 10/28/2019 | 10/28/2024 |

The written judgment of convictions states that: "Said sentences consecutive to term or terms defendant is presently serving." The records of the Department of Corrections (Department) indicate sentences # 5 though # 10 are to be served consecutively to sentences # 1 through # 4.

Mr. Ashford filed a petition for declaratory judgment or, in the alternative, for a writ of prohibition in the Cole County Court on June 9, 2006. He challenged the manner in which the Department was requiring him to serve his sentences. Mr. Ashford contended that sentences # 5 through # 10 should be served consecu-

1. The # designations are utilized for convenience and clarity.

2. Mr. Ashford's conviction and sentence for robbery were vacated after he filed a Rule 27.26 motion. He was subsequently convicted of one count of first-degree robbery in the Cole County Circuit Court, Case No. CR181–56F. He was sentenced to twenty years imprisonment to be served consecutively to all other sentences previously received. This is reflected as # 11 on the chart.

tively to sentences # 1 and # 2 but concurrently with sentences # 3 and # 4.

The Department filed a motion for summary judgment and suggestions in support thereof on July 13, 2006. Mr. Ashford filed a response to the Department's motion for summary judgment on July 24, 2006. The trial court granted judgment to the Department on September 25, 2006. Mr. Ashford's timely appeal followed.

## Standard of Review

■ Review of a summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Id.* at 377. A genuine issue of material fact exists where there is evidence of two plausible but contradictory accounts of essential facts. *Id.* at 382. The record is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is accorded reasonable inferences drawn from the record. *Id.* at 376.

## Analysis

Mr. Ashford's two points on appeal are closely related and will be addressed together. Both points assert the trial court erred in granting the Department's motion for summary judgment. In his first point, Mr. Ashford argues the trial court wrongly concluded that he alleged material facts in dispute but failed to demonstrate that these facts were actually in dispute.[3] In his second point, Mr. Ashford argues the trial court failed to correctly interpret and apply section 558.026.1 and Missouri Supreme Court Rule 29.09 because it wrongly concluded that his sentences were imposed consecutively when the sentencing court was silent on the issue.

■ As noted, sentences # 5 though # 10 were to be served concurrently with each other, but consecutive to the "term or terms" Mr. Ashford was "presently serving." The issue presented in this case is what was intended by the phrase "term or terms . . . presently serving." At the time of sentencing, Mr. Ashford was serving sentences # 1 and # 2. Thus, he had not begun to serve sentence # 3 (consecutive to sentences # 1 and # 2) or sentence # 4 (consecutive to sentence # 3). Mr. Ashford contends the sentencing judge in Case No. CR181–56F pronounced that sentences # 5 through # 10 were to be served consecutively to sentences # 1 and # 2 (the term or terms he was presently serving). He further claims the sentencing judge pronounced sentence without direction as to how sentences # 5 through # 10 were to be served with respect to sentences # 3 and # 4. Thus, he argues sentences # 5 though # 10 should run concurrently with sentences # 3 and # 4.

"The law in Missouri is well settled on the issue of concurrent or consecutive sentences. When a subsequent sentence contains no direction that it run consecutively to a prior sentence the defendant is already serving, the subsequent sentence is to be served concurrently." *State v. Bulloch*, 838 S.W.2d 510, 513 (Mo.App. W.D.1992)(internal quotation marks and citation omitted). Rule 29.09 states:

> The court, when pronouncing sentence, shall state whether the sentence shall run consecutively to or concurrently

---

**3.** Mr. Ashford acknowledges that his response was not in numbered paragraphs as required by Rule 74.04(c)(2), though he claims this error should not support the summary judgment in favor of the Department. This court's analysis is not premised on Mr. Ashford's failure to set forth his response in numbered paragraphs.

with sentences on one or more offenses for which the defendant has been previously sentenced. If the court fails to do so at the time of pronouncing the sentences, the respective sentences shall run concurrently.

Section 558.026 states: [4]

1. Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively. . . .

2. If a person who is on probation, parole or conditional release is sentenced to a term of imprisonment for an offense committed after the granting of probation or parole or after the start of his conditional release term, the court shall direct the manner in which the sentence or sentences imposed by the court shall run with respect to any resulting probation, parole or conditional release revocation term or terms. . . .

3. A court may cause any sentence it imposes to run concurrently with a sentence an individual is serving or is to serve in another state or in a federal correctional center. . . .

Mr. Ashford claims that, pursuant to these legal standards, sentences # 5 through # 10 were to be served concurrently with sentences # 3 and # 4 because the sentencing court was silent on the issue.

Mr. Ashford's contention fails. Reading of the sentencing hearing reveals that the trial court pronounced that sentences # 5 through # 10 (the sentences being imposed at the hearing) were to run consecutively to sentences # 1 through # 4 (the sentences imposed in the St. Louis case totaling 35 years).[5] The following excerpts from the sentencing hearing transcript are illustrative:

[PROSECUTING ATTORNEY]: There is a plea bargain. The State intends that the defendant, as part of the plea bargain, admits his prior convictions and therefore the State would recommend on Count I, for escape, a 10-year sentence, which includes the punishment for escape plus the extended term; on Count II, burglary, 30 years; on Count III, robbery in the first degree, life; on Count IV, kidnapping, a sentence of 30 years; on Count V, kidnapping, a sentence of 30 years; and on Court VI, kidnapping, a sentence of 30 years; and on Count VI, stealing, a sentence of 15 years; each of those sentences to run concurrent with one another and consecutive to the present total sentence of 35 years the defendant is now serving.

THE COURT: Is that your understanding of the plea bargain that has been worked out?

MR. ASHFORD: It is.

. . . .

THE COURT: The Prosecutor has recommended and bargained with you and your attorney for, and I will repeat what the bargain is and see if I understand it . . . Is that your understanding?

MR. ASHFORD: Yes, sir.

THE COURT: Those terms I have just read off to you, by the agreement, will run concurrent to one another and consecutive to the terms or terms you are presently serving.

MR. ASHFORD: Yes, sir.

. . . .

THE COURT: You understand if I accept this plea of yours, it's my intention

---

4. All statutory citations are to RSMo 2000 unless otherwise stated.

5. Sentences # 1 and # 2 (10 years concurrently), plus sentence # 3 (10 years), plus sentence # 4 (15 years) were a total sentence of 35 years.

to accept what the Prosecutor said and I will give you the terms set forth.

**MR. ASHFORD:** Yes, sir.

**THE COURT:** Concurrent to one another but consecutive to the terms you are serving. Do you understand that?

**MR. ASHFORD:** Yes, I do.

. . . .

**THE COURT:** Did you in fact, on the 12th day of March, 1981,—were you sentenced to prison at that time?

**MR. ASHFORD:** Yes, I was.

**THE COURT:** Were you doing time on those St. Louis charges?

**MR. ASHFORD:** Yes, I was.

**THE COURT:** Which is from September 18, '79, that was an armed robbery; same date, two kidnappings; and assault with the intent to do great bodily harm. Were they to run consecutive or concurrent?

**MR. ASHFORD:** The two 10s were ran together; the rest were consecutive.

**THE COURT:** That is a total of 35 years?

**MR. ASHFORD:** Correct, sir.

. . . .

**THE COURT:** It is the judgment and sentence of this Court that the defendant be sentenced to, as to Count I, 10 years; as to Count II, 30 years; as to Count III, a term of life; as to Count IV, a term of 30 years; as to Count V, 30 years; and Count VI, 30 years.

These sentences will run concurrent to one another but consecutive to the term or terms you are presently serving which, as I understand it, is a 35 year sentence based upon your convictions from the City of St. Louis dated September 18, 1979, for armed robbery, kidnapping, second count of kidnapping, and felonious assault. Okay.

Thus, the sentencing court pronounced sentences # 5 through # 10 were to run consecutively to the 35–year St. Louis sentence for armed robbery, kidnapping, a second count of kidnapping, and felonious assault. Sentences # 1 through # 4 were the sentences referenced. If the court only referenced sentences # 1 and # 2, as advocated by Mr. Ashford, it would not have identified sentence # 3 (the second count of kidnapping) or sentence # 4 (felonious assault). Moreover, sentences # 1 and # 2 total ten years; they do not total 35 years. The sentencing court was not silent as to how sentences # 5 through # 10 were to be served with respect to sentences # 3 and # 4.

Mr. Ashford contends the sentencing court never pronounced consecutive sentences on all of his previously imposed sentences from Case No. 78–1927. He claims the court only pronounced consecutive sentences on the term or terms he was presently serving, # 1 and # 2. He states the trial court was aware # 3 and # 4 were consecutive to # 1 and # 2, and was thus aware he was not presently serving # 3 or # 4. He claims that, despite this awareness, the trial court failed to state how sentences # 5 through # 10 would run with respect to # 3 and # 4. Mr. Ashford concludes sentences # 3 and # 4 must accordingly be concurrently served with # 5 through # 10.

Mr. Ashford relies upon excepts from the sentencing transcript to support his argument. These excerpts are taken out of context and mischaracterize the content of the full proceedings. Mr. Ashford argues that the sentencing court references consecutive sentences in the context of a question, as opposed to a statement of fact. The question posed by the court was whether it understood the plea bargain entered into by Mr. Ashford and the prosecutor. The plea bargain, as set forth by

the prosecutor and understood by the court, was that sentences imposed in counts # 5 through # 10 would run "concurrent with one another and consecutive to the present total sentence of 35 years the defendant is now serving." Mr. Ashford indicated the prosecutor's summary and court's understanding of the plea bargain were correct.

Mr. Ashford also argues that certain portions of the sentencing transcript, wherein the court was discussing the sentences to be imposed, do not indicate whether the sentences will be concurrent or consecutive. Mr. Ashford omits the portions of the sentencing hearing wherein the court explicitly informed Mr. Ashford, and he agreed, that sentences imposed in counts # 5 through # 10 would run consecutively to the 35–year package sentence from the St. Louis case. The 35 years refers to sentences imposed in counts # 1 through # 4.

Mr. Ashford focuses upon the language that sentences in counts # 5 through # 10 would be consecutive to "term or terms" he was serving. Mr. Ashford also argues that the sentencing court never used the term "entire sentence" when pronouncing sentence. A reading of the entire sentencing proceeding discloses that "term or terms" referred to the 35 years from the St. Louis case. It referred to sentences in counts # 1 through # 4.

" 'Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them.' " *Anthony v. Kaiser,* 350 Mo. 748, 169 S.W.2d 47, 49 (1943) (citation omitted). As discussed, *supra,* the intention of the trial court was made clear. It reviewed the plea bargain with Mr. Ashford, announced its intention to sentence him consistent with the plea bargain, and pronounced sentence consistent with the

agreement. By "term or terms" presently serving, the court explicitly identified the 35–year St. Louis sentence, comprised of sentences in counts # 1 through # 4

■ As to Mr. Ashford's first point, he did not demonstrate a genuine issue as to whether the sentencing court was silent regarding how sentences in counts # 5 through # 10 related to sentences in counts # 3 and # 4.

For purposes of Rule 74.04, a "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. A "genuine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous. Where the "genuine issues" raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper.

*ITT Commercial Fin. Corp.,* 854 S.W.2d at 382. Mr. Ashford cannot create a genuine issue by focusing upon selected excerpts. The entire sentencing transcript reveals the sentencing court pronounced sentences in counts # 5 through # 10 were to be served consecutively to sentences in counts # 1 through # 4. Mr. Ashford's contentions to the contrary are merely argumentative, imaginary, and frivolous.

As to Mr. Ashford's second point, the sentencing court was not silent regarding how sentences in counts # 5 through # 10 were to be served with respect to sentences in counts # 3 and # 4, and, accordingly, the legal principles he advocates do not apply. Although not articulated as an argument on appeal, the written judgment for sentences in counts # 5 through # 10 only states they run consecutively to the term or terms he was presently serving. It does not reference the 35–year sentence identified in the oral pronouncement. If a material difference exists between the

written judgment imposing sentence and the oral pronouncement of sentence, "the oral pronouncement controls." *State ex rel. LaChance v. Bowersox*, 119 S.W.3d 95, 95 (Mo. banc 2003). Thus, even if there is a material difference between the two, which this court declines to determine, the oral pronouncement controls. The trial court was clear in its oral pronouncement that sentences in counts # 5 through # 10 were consecutive to the 35–year St. Louis sentence, which was sentences in counts # 1 through # 4.

Both points are denied, and the judgment of the trial court is affirmed.

All concur.