Argued July 10, remanded with instructions September 12, 1969

JENNINGS, *Respondent, v.* CUPP, *Appellant.*

458 P2d 704

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. On the brief

were Deane S. Bennett, Assistant Attorney General, and Robert Y. Thornton, Attorney General, Salem.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry, Foley and Branchfield, Judges.

FOLEY, J.

The question presented in this declaratory judgment proceeding is whether an offender whose parole from the penitentiary has been revoked and who has been jailed on another charge shall receive credit on his unserved penitentiary sentence for the time spent in jail.

The offender had two years and four days left on his penitentiary sentence when an order revoking his parole was made on February 6, 1967. Two days later (February 8, 1967), he was arrested and jailed in Multnomah County on an unrelated charge (knowingly uttering and publishing a forged instrument of credit) and bail was set at $1,500. On the same day, February 8, 1967, he was served with the order revoking his parole. He did not post bail, so he remained in jail. He was sentenced on the unrelated charge on August 31, 1967. He continued in jail in connection with this sentence until December 29, 1967, when this sentence was completed. He was then returned to the Oregon State Penitentiary pursuant to the parole revocation order.

The offender claims he is entitled to credit against his penitentiary sentence for the total time spent in jail and based upon ORS 144.380 and ORS 144.390 the trial judge found he is entitled to such credit.

ORS 144.390 provides:

"AFTER REVOCATION, TIME ELAPSED WHILE ON PAROLE DOES NOT DIMINISH TERM OF SENTENCE. A prisoner recommitted for violation of parole * * * shall serve out his sentence, and the time during which he was out on parole is not a part thereof."

The trial judge found that "by the clear implications of ORS 144.390," the offender had been "recommitted" when he was arrested after his parole had been revoked. He also concluded that the recommitment commenced on February 8, 1967, based upon ORS 144.390, above, and ORS 144.380 which provides:

"AFTER REVOCATION OF PAROLE * * * VIOLATOR IS FUGITIVE FROM JUSTICE. After the * * * revocation of the parole * * * of any convicted person, *and until his return to custody,* he shall be considered a fugitive from justice." (Emphasis supplied.)

The trial judge found that the offender was entitled to credit against his penitentiary sentence for the time spent in jail, i.e., February 8, 1967, which he concluded to be the time of "his return to custody," to December 29, 1967, when he was returned to the penitentiary in connection with the revocation of parole.

The appellant warden of the penitentiary contends the offender began serving his sentence again only when he was returned to the institution from which paroled.

It will be convenient for the purpose of discussion of this matter to divide the time period in question into two parts:

(1) February 8 to August 31, 1967, the period between his initial jailing and the sentencing on the unrelated charge; and

(2) August 31 to December 29, 1967, the period during which he was in jail as a result of the sentence on the unrelated charge.

■ With reference to the first period, although the offender was arrested for an unrelated offense and bail set for this separate charge, he was notified on the same day, while in custody, of the order revoking his parole. ORS 144.330 makes it the duty of "* * * all sheriffs * * * and other peace officers" to execute the revocation order by taking the violator into custody. In view of this statute, the offender's detention was now based on two grounds: the arrest on the separate charge and parole violation. At this point it was impossible for him to obtain his release from custody. If he did not post bail on the unrelated charge he would remain in the custody of Multnomah County. If he did post bail he would be transferred to the custody of the warden pursuant to the parole revocation rather than be released. The trial judge found that since he was not bailable-in-fact he should be given credit for all of his jail time. We agree with him as to the first period, February 8 to August 31, 1967, the period between his initial jailing and the sentencing on the unrelated charge. Posting bail could not secure the offender's release. Had he posted bail, presumably he would have been transferred to the warden's custody and would have received credit for the time spent in the penitentiary prior to the sentencing on the unrelated charge. We believe he should receive credit for this otherwise "dead" time.

■ With reference to the second period, August 31 to December 29, 1967, the period during which he was in jail as a result of the sentence on the unrelated charge, in order for credit to be given, the sentences would have to be concurrent. The trial judge found

them to be concurrent. But in *State v. Nelson,* 246 Or 321, 325, 424 P2d 223, cert den 389 US 964, reh den 389 US 1061 (1967), our Supreme Court said:

"Concurrent sentences may be provided only when they may be served in the same institution * * * *."

Here, the sentence on the unrelated charge (120 days' probation, but to remain in the custody of the sheriff of Multnomah County until committed to a federal hospital, or until expiration of 120 days) could not have been served in the state penitentiary where the sentence for the original charge had to be served. The sentences, therefore, cannot be considered concurrent so the offender is not entitled to credit for this period of time. Further, if he were given credit for this time he would have received nothing for the unrelated offense.

This case is remanded to the trial court for entry of judgment consistent with this opinion.