Argued June 22, affirmed August 12, 1971

# STATE OF OREGON, *Respondent, v.*
# ROBERT EUGENE STEWART, *Appellant.*

487 P2d 899

*Jack C. Nulsen, Jr.,* Newberg, argued the cause for appellant, and Robert Eugene Stewart filed the brief in propria persona.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Defendant pled guilty to the crime of drawing a bank check on insufficient funds. ORS 165.225. He appeals from the resulting judgment.

Although indicted in August 1969, the defendant did not appear in the Yamhill County Circuit Court until August 1970. This was because he was confined in a California penal institution, on an unrelated California conviction. Following adoption of Oregon Laws 1969, ch 362, p 680, now ORS 134.605, commonly known as the Agreement on Detainers, defendant inaugurated action thereunder which resulted in his appearance in the Yamhill County Circuit Court.

After the defendant entered his plea of guilty to this charge he was sentenced on September 21, 1970, to a three-year term to run concurrently with the sentence he was then serving in California. On September 29, 1970, the trial court on its own motion vacated that judgment, again imposed a three-year sentence, and directed that it be served consecutively to the sentence he was then serving in California. Throughout this period the defendant was confined in the Yamhill County jail[1] in the temporary custody of the Yamhill County sheriff.

---

[1] We note Article V (g) of ORS 134.605 provides:

"For all purposes other than that for which temporary

He attacks the existing sentence as "excessive" within the meaning of ORS 138.050 on the ground that the trial court lacked jurisdiction to change the original judgment order so that the sentence imposed was made to run consecutively rather than concurrently.

ORS 138.050 provides when an appeal is taken from a judgment entered upon a plea of guilty:

"* * * On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed. * * *"

For the purpose of this opinion we will assume, without deciding, that appellant's contention is cognizable under that section.

The state concedes that the trial court changed its original judgment solely for the reason that the judge concluded he lacked authority to provide for a concurrent sentence. The question thus presented, then, is solely one of law, not one involving the exercise of the trial court's discretion. The court so concluded because the sentence then being served by the defendant was in a California penal institution pursuant to a judgment of that state, and an Oregon court has no authority to commit a defendant to an out-of-state institution. Thus, it concluded, the court could not direct that the sentence for the current offense should be served in the same institution in California where the defendant was then confined. Accordingly it retained authority to impose the sentence appealed from.

---

custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state * * *."

*State v. Nelson,* 246 Or 321, 325, 424 P2d 223, *cert denied* 389 US 964 (1967).

ORS 137.124 (1) requires the court, if it imposes a sentence of imprisonment for a felony, to "commit the defendant to the legal and physical custody of the Corrections Division."

ORS 137.124 (2) requires that the Corrections Division shall assign a defendant to the Oregon State Correctional Institution, when applicable, otherwise "to the Oregon State Penitentiary."

In *State v. Nelson,* supra, 246 Or at 325, the Supreme Court held:

"Concurrent sentences may be provided only when they may be served in the same institution. * * *""

■ Nothing in ORS 134.605 indicates any intent by the legislature to modify the rule of *State v. Nelson,* supra, or to amend ORS 137.124. Its purpose was simply to establish interstate procedures whereby charges pending against a prisoner in another state might be promptly disposed of if the prisoner so elected.

Finally, appellant urges that the Western Interstate Corrections Compact law (ORS 421.282 to 421.-294) reveals a different legislative intent. We disagree.

ORS 421.284 states:

## "ARTICLE I

### "Purpose and Policy

"The party states, desiring by common action to improve their institutional facilities and provide programs of sufficiently high quality for the confinement, treatment and rehabilitation of various

types of offenders, declare that it is the policy of each of the party states to provide such facilities and programs on a basis of cooperation with one another, thereby serving the best interests of such offenders and of society. The purpose of this compact is to provide for the development and execution of such programs of cooperation for the confinement, treatment and rehabilitation of offenders. "* * * * *."

■ The power of transfer provided in ORS 421.286 is to be exercised, when permitted at all, only in relation to the declared purposes of the Compact.

■ Nothing in the Act supports a conclusion that the Oregon legislature intended by its adoption to authorize an Oregon court to order a sentence imposed on a defendant serving a sentence in another state to serve the Oregon sentence concurrently to that being served in the party state.

Accordingly, we hold that the trial court had here not merely the right to vacate the first sentence and to impose the second, but indeed the duty to do so.

The judgment is affirmed.