Argued September 25, affirmed as modified November 21, 1978

STATE OF OREGON, *Respondent,*

*v.*

COREY DEAN WEIDNER, *Appellant.*

(No. C 75-08-2501 Cr, CA No. 10514)

586 P2d 810

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

Defendant was convicted in Multnomah County in October, 1975, for criminal activity in drugs. He was sentenced to imprisonment for ten years, execution of sentence was suspended, and he was placed on probation for five years. In February, 1978, probation was revoked and the ten-year sentence was executed and ordered to run consecutively to a ten-year sentence defendant was then serving in a federal penitentiary. Defendant contends that the trial court lacked authority to cause the sentence to be executed consecutively to the federal sentence he was then serving.

■■ Sentencing authority exists by virtue of statutory grant and cannot be exercised without specific statutory authority. *State v. Duncan,* 15 Or App 101, 103, 514 P2d 1367 (1973). The statute which authorizes sentencing in probation revocation proceedings states in pertinent part:

> "* * * Thereupon *the court,* after summary hearing, *may revoke the probation and suspension of sentence and cause the sentence imposed to be executed* or, if no sentence has been imposed, impose any sentence which originally could have been imposed.* * *" ORS 137.550(2) (Emphasis supplied.)

In *State v. Stevens,* 253 Or 563, 456 P2d 494 (1969), in which a sentence was ordered to run consecutively to a sentence in Benton County, the Court interpreted the above statutory language as follows:

> "It is clear that under this statute a court that has decreed the punishment to be imposed and then placed a defendant upon probation is limited to causing execution of the judgment. The power of the court to amend its judgments after expiration of the term is limited. *No statute authorizes the amendment of a previous sentence after probation is granted." State v. Stevens,* 253 Or 563, 565, 456 P2d 494 (1969). (Emphasis supplied.)

The court then held that the portion of the sentence which was to run consecutively to the sentence defendant was then serving was made without authority and was "surplusage and severable." *State v. Stevens,*

*supra* at 565. In the instant case, the language concerning consecutive sentences is also surplusage.

Affirmed as modified.