Submitted on record and briefs February 15,
affirmed March 24, 1980

STATE OF OREGON,
*Respondent,*
*v.*
MICHAEL S. KLIMENT,
*Appellant.*

(No. 78-7127, CA 15313)

608 P2d 618

R. Glenn Mittermann, Eugene, filed the brief for appellant.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Douglas F. Foley, Certified Law Student, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

In this appeal defendant seeks to vacate an amended sentence order.

While serving a sentence in the Federal Correctional Institution in Lompoc, California, defendant was transported to Oregon under the terms and conditions of the Interstate Compact Agreement on Detainers, ORS 135.775—135.793, to stand trial in Lane county for theft. While in the Lane County jail, defendant was technically in federal custody, but this fact was not noted in the records. Due to this omission he was mistakenly released from the Lane County jail by the custody referee. Defendant subsequently failed to appear on the theft charge and was charged with failure to appear. ORS 162.205. He entered a plea of guilty and was convicted of the failure to appear.charge. He had previously been convicted on the theft charge.

At the sentencing hearing on the failure to appear, the court orally imposed the following sentence

> "* * * Therefore it is the judgment of the Court that you be and you are hereby sentenced to incarcerative period of five years and that that sentence shall run concurrently with the time you are serving for Theft in the First Degree in Lane County Circuit Court case #77-2289, and that the State may have judgment for its costs."

The court made no other statement as to the nature of the defendant's sentence.

A sentence order was subsequently filed in the case which reflected the court's oral judgment. The court then filed an amended sentence order which was identical to the previous sentence order except for the addition of the following language:

> "* * * * *
>
> "IT IS FURTHER ORDERED that execution of said sentence is to commence upon the expiration of the defendant's present term of incarceration at the Federal correctional Institution, Lompoc, California;

"IT IS FURTHER ORDERED that the Sheriff of Lane county, Oregon make the defendant available for transportation to the Federal Correctional Institution, Lompoc, California in accordance with the terms and conditions of the Interstate Compact Agreement on Detainers.

"* * * * * *."

It is this amended sentence order that defendant seeks to vacate. Relying on *State v. Blake,* 7 Or App 307, 490 P2d 1026 (1971), defendant contends that the amended order contains a substantive change which must be accomplished in defendant's presence in order to be valid.

In *Blake,* the trial judge orally imposed sentences for two separate crimes but made no statement as to whether they should run concurrently or consecutively. However, the judgment entered in the journal provided that the sentences were to be served consecutively. We held as follows:

"* * * A modification of the judgment providing that the sentences would be served consecutively, rather than concurrently, would be a substantive change in the sentence. Such a change must be accomplished in defendant's presence or it may be invalidated. The subsequent journal entry here was an ineffective method of modifying or revising the sentence. * * *" 7 Or App at 311.

Like the trial judge in *Blake,* the trial judge in this case made no statement as to whether the failure to appear sentence was to run concurrently with or consecutively to the federal sentence, although it was apparent from the transcript that the judge knew of the federal sentence.[1] In this case, however, the

---

[1] The following remarks were made by defendant counsel during the sentence hearing for the failure to appear conviction:

"When [defendant] was in the Lane County Jail on the Theft I charge that he's already been sentenced to five years on, apparently he was technically in Federal custody at that time. * * * When [defendant] bailed out of the Lane County Jail he was technically violating Federal law in committing the crime of escape. Subsequently he was convicted of that crime, escape, based on his bailing out of the Lane County Jail and he received a sentence of a year and a day added onto his Federal time that he was already serving."

[514]

judge's addition of the instruction for the sentence to run consecutively to the federal sentence was no more than a statement of what he was required to do by law and the amendment was therefore administrative rather than material.

While the Interstate Compact Agreement on Detainers provides for the imposition of concurrent sentences where "otherwise permitted by law," ORS 135.775 Article III (e), it is clear that such a practice is not permitted by law in this state. We held in *State v. Stewart,* 6 Or App 264, 487 P2d 899 (1971), that nothing in the Agreement on Detainers indicates any intent by the legislature to modify the holding of *State v. Nelson,* 246 Or 321, 325, 424 P2d 223, *cert denied* 389 US 964 (1967), that "concurrent sentences may be provided only when they may be served in the same institution. * * *" We concluded that the Agreement on Detainers did not authorize an Oregon court to order a sentence set in this state to be served concurrently with one being served in another state which is a party to the Agreement.

As we said in *Stewart,* the trial court "had not merely the right * * * but indeed the duty" (6 Or App at 268) to amend the sentence. Therefore, the court made no discretionary decision which could have been affected by defendant's presence, and defendant's absence in no way prejudiced him.[2]

Affirmed.

---

[2] Defendant also argues that the record is silent on whether he had been given over to the custody of the Corrections Division prior to the filing of the amended sentence order and that, if he had been, the trial court would have been without jurisdiction to amend the order. *State v. Highland,* 28 Or App 251, 558 P2d 1298 (1977). We do not reach this argument because of our conclusion that the trial court made no substantive amendment to the sentence order.