Argued and submitted June 17, reversed and
remanded July 27, reconsideration denied October 2,
petition for review denied November 17, 1981 (292 Or 108)

JOHN JOSEPH FERGELIC, JR.,
*Appellant,*

*v.*

CUPP,
*Respondent.*

(118,409, CA 19944)

631 P2d 800

Robert J. Custis, Salem, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner appeals from the judgment denying his petition for post-conviction relief.

On December 19, 1978, petitioner was sentenced to serve one year in the Coos County Correctional Facility. Execution of the sentence was suspended, and he was placed on probation for a period of three years. On August 6, 1979, he was sentenced on a subsequent crime and committed to the Corrections Division for a term not to exceed five years. A week later his probation on the 1978 conviction was revoked. The one-year sentence previously imposed was ordered to be executed and to run consecutively to the sentence imposed on August 6. In his petition for post-conviction relief, petitioner asserted that the court violated ORS 137.550(2)[1] by ordering the revoked suspended sentence to be served consecutively to the Corrections Division sentence.

In *State v. Stevens,* 253 Or 563, 565, 456 P2d 494 (1969), the Supreme Court said, with reference to ORS 137.550:

> "It is clear that under this statute a court that has decreed punishment to be imposed and then placed a defendant on probation is limited to causing execution of the judgment. The power of a court to amend its judgments after expiration of the term is limited. No statute authorizes the amendment of a previous sentence after probation is granted."

Under that holding, when the court revoked the petitioner's probation and ordered execution of the sentence previously

---

[1] ORS 137.550(2) provides in pertinent part:

"(2) At any time during the probation period, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation. Any probation officer * * * may arrest a probationer without a warrant, and a statement by the probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation is sufficient warrant for the detention of the probationer * * * until the probationer can be brought into court. The probation officer shall forthwith report such arrest or detention to the court and submit to the court a report showing in what manner the probationer has violated his probation. Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed. * * *"

imposed, it was without power to modify that sentence to make it run consecutively to the other sentence. As in *Stevens,* the language imposing the consecutive sentence is "surplusage and severable."[2] *See State v. Weidner,* 37 Or App 205, 586 P2d 810 (1978).

■      The state argues that because "concurrent sentences may be provided only when they may be served in the same institution," *State v. Nelson,* 246 Or 321, 325, 424 P2d 223 (1967), the trial court was required to make the sentence ordered executed be served consecutively. *See also, Jennings v. Cupp,* 1 Or App 57, 458 P2d 704 (1969); *State v. Kliment,* 45 Or App 511, 608 P2d 618 (1980); *State v. Stewart,* 6 Or App 264, 487 P2d 899 (1971).[3] That confuses a sentencing court's initial sentencing authority with the effect of a revocation of probation on a sentence previously imposed.

Reversed and remanded.

---

[2] We note, however, that the "commencement, term and termination of a sentence of imprisonment in the county jail is to be ascertained by the rule prescribed in ORS 137.370 * * *." ORS 137.390; *see also,* ORS 137.330. The effect of these provisions on the petitioner is not before us.

[3] These cases apply the quoted language from *Nelson* as if it were the holding in the case. It not only was not the holding, but it arguably was wholly irrelevant to the decision.