Submitted September 7, affirmed October 12, 2016, petition for review denied March 30, 2017 (361 Or 312)

JAMES NATHANIEL DUSTIN ZSARKO,
*Petitioner-Appellant,*

*v.*

Rick ANGELOZZI,
Superintendent,
Columbia River Correctional Institution,
*Defendant-Respondent.*

Multnomah County Circuit Court
140100673; A159271

385 P3d 1239

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Lagesen, Judge, and Edmonds, Senior Judge.

**LAGESEN, J.**

Defendant, the Superintendent of the Columbia River Correctional Institution, moved to dismiss petitioner's petition for post-conviction relief under ORCP 21 A(9)[1] on the ground that it was untimely on its face under the two-year limitations period applicable to post-conviction proceedings, ORS 138.510(3). The post-conviction court agreed, and entered a judgment of dismissal. On appeal from that judgment, petitioner contends that the post-conviction court erroneously concluded that the limitations period ran from the date on which the trial court entered the judgment on his conviction, rather than from the date of the trial court's subsequent judgment revoking petitioner's probation. We conclude that the post-conviction court did not err and affirm.

We review for legal error the dismissal of a pleading as untimely pursuant to an ORCP 21 A(9) motion. *Windorf v. Malco*, 276 Or App 528, 531, 368 P3d 60 (2016). "Our review * * * is limited to the face of the pleadings. In conducting that review, we assume the truth of all allegations in the [petition] and give [petitioner], as the nonmoving party, the benefit of all favorable inferences that could be drawn from those allegations." *Kelly v. Lessner*, 224 Or App 31, 33, 197 P3d 52 (2008). Consistent with that standard, we draw the facts from the petition, supplementing them with the pertinent procedural facts.

Petitioner was convicted of the unlawful delivery of methamphetamine in violation of ORS 875.490(2). The trial court sentenced him to probation and entered judgment on December 11, 2011. A few months later, the court found petitioner in violation of the terms of his probation, revoked his probation, and sentenced him to 62 months' incarceration. The court entered judgment on the probation revocation on March 1, 2012.

More than two years after the court entered judgment on the conviction, but less than two years after the

---

[1] ORCP 21 A(9) authorizes a motion to dismiss on the ground "that the pleading shows that the action has not been commenced within the time limited by statute." The Oregon Rules of Civil Procedure generally govern post-conviction proceedings, except where the legislature has indicated otherwise. *Young v. Hill*, 347 Or 165, 171, 218 P3d 125 (2009).

court entered judgment on the probation revocation, petitioner filed a *pro se* petition for post-conviction relief. As authorized by ORS 138.590, petitioner filed an amended petition for post-conviction relief after counsel was appointed to represent him. The amended petition asserts nine grounds for relief. Each of those grounds for relief alleges that petitioner's "conviction was wrongfully obtained and is void" as a result of constitutional error in the proceedings that led to that conviction. None of the grounds for relief alleges that a constitutional error occurred in the probation revocation proceeding or otherwise challenges those proceedings.

The question before us is whether the petition was timely. The answer to that question is supplied by the text of ORS 138.510(3). It provides:

> "*A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:*
>
> "(a)  *If no appeal is taken, the date the judgment or order on the conviction was entered in the register.*
>
> "(b)  If an appeal is taken, the date the appeal is final in the Oregon appellate courts.
>
> "(c)  If a petition for certiorari to the United States Supreme Court is filed, the later of:
>
> "(A)  The date of denial of certiorari, if the petition is denied; or
>
> "(B)  The date of entry of a final state court judgment following remand from the United States Supreme Court."

(Emphases added.)

As the italicized wording of the provision indicates, absent appellate proceedings, the time for filing a petition for post-conviction relief generally runs from the date the judgment on the challenged conviction is entered in the register. Here, that date was December 11, 2011. The petition alleges that the conviction from which petitioner seeks relief is his conviction for unlawful delivery of methamphetamine, and that the judgment on that conviction was entered on

December 11, 2011. The limitations period, therefore, began to run on December 11, 2011, and expired on December 11, 2013. The petition, which was filed after December 11, 2013, thus is untimely unless the allegations in the petition also would permit the determination that "the grounds for relief [asserted] could not reasonably have been raised" within that two-year period. *See Hayward v. Premo*, 281 Or App 113, 118, 383 P3d 437 (2016) (explaining that where post-conviction petition is filed outside of two-year limitations period, petitioner must allege facts showing that asserted grounds for relief could not be raised timely). The petition's allegations would not permit that conclusion. As noted, each alleged ground for relief asserts a constitutional error in the proceedings leading up to the entry of judgment on petitioner's conviction, and the petition contains no allegations addressing why those grounds could not be asserted within the two-year window.

In arguing that the limitations period began to run on the date that the trial court entered the probation revocation judgment—a date that would make the petition timely—petitioner points out that we have a number of cases in which we have considered claims of constitutional error in the context of probation revocation proceedings, and argues that we should infer that the words "the judgment or order on the conviction" in ORS 138.510(3)(a) refer to "any judgment in the underlying proceeding," such that the limitations period began to run (or, at least, began to run once again) when the trial court entered the probation revocation judgment.

The question is whether ORS 138.510(3) can be construed in that manner. Our "paramount goal" in construing a statute is to discern the legislature's intent in enacting that statute and to give effect to that intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We do so by taking account of the text of the statute, the context of the statute, including the case law that construes it, the legislative history of the statute and, if necessary, any pertinent maxims of statutory construction. *Id.* In so doing, our "office," according to the legislature, "is simply to ascertain and declare what is, in terms of substance, contained therein,

not to insert what has been omitted, or to omit what has been inserted." ORS 174.010.

When ORS 138.510(3) is viewed under that framework, it is not susceptible to petitioner's proposed construction. The provision states explicitly that, absent appeal, the limitations period begins to run upon the entry of "judgment or order on the conviction." It does not state that it runs, or is retriggered, by the entry of a subsequent judgment in a case. The fact that the statute specifies that the limitations period begins to run at a later date when a petitioner has pursued either a direct appeal or a petition for *certiorari* demonstrates that, when the legislature intended for the limitations period to run from a later date, it said so expressly. Given that the legislature explicitly provided for situations in which the limitations period should run from a later date in ORS 138.510(3), we think it likely that if, in a case involving probation, the legislature intended for the post-conviction limitation periods to run from the date judgment is entered on revocation of probation, it would have written that intent into the statute, as it did with respect to cases involving direct appeals and petitions for *certiorari*.

The cases cited by petitioner do not suggest a contrary conclusion.[2] Although all of those cases raised issues regarding constitutional errors in probation revocation proceedings, not one addressed whether the post-conviction petition that initiated the case was timely filed. As a result, they do not support the conclusion that the legislature intended for the limitations period to run from the date of entry of a probation revocation judgment, at least where, as here, all alleged grounds for relief challenge the constitutionality of the procedure leading to the conviction, and do not challenge the constitutionality of the procedure leading to the probation revocation.

Affirmed.

---

[2] Petitioner cites three cases: *Leahy v. Hill*, 219 Or App 592, 185 P3d 464 (2008); *Haney v. Schiedler*, 202 Or App 51, 120 P3d 1225 (2005); and *Fergelic v. Cupp*, 53 Or App 190, 631 P2d 800, *rev den*, 292 Or 108 (1981).