386                    January 31, 2024                    No. 48

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DAVID L. HILL, JR.,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Snake River Correctional Center,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV06055; A177440

Lung S. Hung, Judge.

Argued and submitted October 31, 2023.

Margaret Huntington argued the cause for appellant. On the opening brief were Lindsey Burrows and O'Connor Weber LLC. Also on the reply brief was O'Connor Weber, LLC.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Chief Judge, and Tookey, Judge, and Kamins, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Petitioner appeals a judgment dismissing his post-conviction petition as untimely, ORS 138.510(3), and successive, ORS 138.550(3).[1] The post-conviction court concluded that the ground for relief raised in the petition was one that petitioner could not reasonably have raised within two years of the date that his conviction was final, or in his previous petitions for post-conviction relief, such that petitioner was entitled to the benefit of the escape clauses in both ORS 138.510 and ORS 138.550. The court nevertheless dismissed the petition. Relying on our decision in *Canales-Robles v. Laney*, 314 Or App 413, 422, 498 P3d 343 (2021), which construed the escape clause of ORS 138.510 as a tolling provision, the post-conviction court determined that the petition was untimely because petitioner waited more than two years to file it after the ground for relief asserted became available to petitioner. Although the post-conviction court's decision was correct under our decision in *Canales-Robles*, under a subsequent decision of the Supreme Court, *Ingle v. Matteucci*, 371 Or 413, 537 P3d 895 (2023), petitioner's demonstration that his ground for relief falls within the

---

[1] ORS 138.510(3) provides:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts.

"(c) If a petition for certiorari to the United States Supreme Court is filed, the later of:

"(A) The date of denial of certiorari, if the petition is denied; or

"(B) The date of entry of a final state court judgment following remand from the United States Supreme Court."

ORS 138.550(3) provides:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

relevant escape clause or clauses is sufficient to allow him to pursue that ground for relief. We therefore reverse and remand.

## STANDARD OF REVIEW

We review a post-conviction court's ruling on a motion to dismiss a petition for legal error, assuming the truth of the allegations in the petition and its attachments. *Ingle*, 371 Or at 416; *Zsarko v. Angelozzi*, 281 Or App 506, 508, 382 P3d 1239 (2016), *rev den*, 361 Or 312 (2017). Pertinent to this case, we review for legal error a post-conviction court's determination that either the ORS 138.510 escape clause or the ORS 138.550 escape clause permits a petitioner to pursue a ground for post-conviction relief that was not alleged in a timely-filed initial petition for relief. *See Ingle*, 371 Or at 445-46 (so reviewing).

## FACTUAL AND PROCEDURAL BACKGROUND

We state the relevant facts in accordance with our standard of review. Petitioner entered a stipulated plea agreement with the state. Under the terms of the plea agreement, he was entitled to credit for time served starting on the date of his arrest, June 2, 2008. That credit would reduce his time in the custody of the Department of Corrections (DOC) by 17.2 months, resulting in a total of 144 months' incarceration in DOC custody. At sentencing, the court reminded petitioner that, under the terms of the agreement, petitioner's sentence would be "not one day more [or] one day less" than the agreed-upon term. The court then entered a judgment reflecting the court's intention that petitioner's total term of incarceration include credit for time served since June 2, 2008.

Petitioner sought post-conviction relief in 2010 and 2011. He did not raise any issue regarding the credit-for-time-served component of his sentence in the 2010 and 2011 petitions, and he did not obtain any relief as a result of those petitions.

On or around March 23, 2015, DOC notified petitioner that it could not honor the part of the agreement allowing for credit for time served. Nearly six years later, on

February 9, 2021, petitioner filed the instant post-conviction proceeding, alleging that trial counsel was inadequate and ineffective for allowing him to enter the plea involving an agreed-upon sentence that was not enforceable.

The superintendent moved to dismiss, arguing that the petition was (a) untimely under ORS 138.510(3); and (b) successive under ORS 138.550(3). The post-conviction court granted the motion, ruling that petitioner's ground for relief fell within the escape clauses of both statutes but that petitioner's delay in seeking relief meant that his request was untimely under *Canales-Robles*.

Specifically, with respect to ORS 138.550(3), the post-conviction court determined that petitioner's ground for relief could not reasonably have been raised by petitioner's post-conviction lawyers before petitioner received the notice from DOC. Thus, the petition fell within the escape clause of ORS 138.550(3). *See Perez v. Cain*, 367 Or 96, 113, 473 P3d 540 (2020) (whether escape clause of ORS 138.550(3) applies turns on whether ground for relief was reasonably available to petitioner's prior post-conviction counsel). With respect to ORS 138.510(3), the post-conviction court concluded, for the same reason, that the ground for relief was not available to petitioner within the two-year period following the date his conviction became final. *See Ingle*, 371 Or at 446-47 (whether escape clause of ORS 138.510(3) applies turns on whether, in the circumstances that confronted the petitioner, the petitioner reasonably could have raised the ground for relief within the two-year window). Nonetheless, following our construction of the escape clause as a tolling provision in *Canales-Robles* and *Bean v. Cain*, 314 Or App 529, 497 P3d 1273 (2021), which applied the tolling analysis set forth in *Canales-Robles*, the post-conviction court determined that the petition was not timely because petitioner filed it more than two years after the date on which he had notice of the fact that DOC would not effectuate the sentence in the manner intended by petitioner, the state, and the sentencing court. Petitioner appealed.

On appeal, in his opening and reply briefs, petitioner first argues that *Canales-Robles* was wrongly decided, to the extent that it treated the escape clause in ORS 138.510(3)

as a tolling provision. Petitioner further argues that he is entitled to the benefit of the escape clauses under both ORS 138.510(3) and ORS 138.550(3) because he could not reasonably have raised his credit-for-time-served claim in a timely petition under ORS 138.510(3) or in his previous post-conviction petitions, regardless of the amount of time it took him to seek relief.

In the answering brief, the superintendent argues that *Canales-Robles* is correct and that the post-conviction court correctly dismissed the petition as time-barred. Alternatively, the superintendent argues that the judgment of dismissal should be affirmed on the alternative ground that petitioner is not entitled to the benefit of the ORS 138.550 escape clause. The superintendent's theory is that the legal basis and the facts supporting the DOC's determination that it would not give effect to the sentencing court's intended sentence would have been available to counsel who investigated the legality of the sentence, such that petitioner could have raised the issue in his initial post-conviction proceeding.

After briefing was completed in this case, the Supreme Court decided *Ingle*. In *Ingle*, the court interpreted the escape clause of ORS 138.510(3). In that case, the petitioner had not filed his petition for post-conviction within two years of the date his conviction became final, as required by ORS 138.510(3). *Ingle*, 371 Or at 415. At issue was whether the petitioner's mental illness, which petitioner alleged had prevented him from seeking post-conviction relief within the two-year limitations period, entitled him to the benefit of the ORS 138.510(3) escape clause. *Id*.

The Supreme Court concluded that if petitioner could prove the allegations about how his mental illness affected his ability to file for post-conviction relief, then petitioner would be entitled to the benefit of the escape clause. *Id*. at 416. Notably, the court did not require the petitioner to demonstrate that he filed his post-conviction petition within two years of the date on which his mental illness was no longer an impediment to filing. The court also did not otherwise construe the escape clause to function as a tolling provision.

On the contrary, the court explained that ORS 138.510(3) "includes a limitations period and an exception to that period." *Id.* at 415. Rejecting arguments by the state analogizing ORS 138.510(3) to other statutes of limitations, and related rules regarding claim accrual and tolling, the court observed that ORS 138.510(3) "does not contain a tolling provision; instead, it has an escape clause." *Id.* at 432 n 4. The court also observed that "there is no statute of ultimate repose for [post-conviction] claims." *Id*. Ultimately, the court explained that principles applicable to other statutes of limitations do not apply to the limitations period in ORS 138.510(3). *Id*. Rather, if a petitioner demonstrates that the escape clause applies to a particular ground for relief, then ORS 138.510(3) does not bar a petition asserting that ground for relief:

> "The state's effort to compare the statute of limitations for post-conviction petitions to other statutes of limitations is understandable, but the statute of limitations for post-conviction petitions is unique. It does not work the same way as other statutes of limitations, because its limitations period starts to run from a specific date—when a conviction becomes final—and that date is independent of when a claim 'accrues' in the sense that a plaintiff knows or has reason to know of a claim. That is, the post-conviction statute does not have an ordinary discovery accrual rule; instead, it has an escape clause, which is broad enough to cover both circumstances where a petitioner did not know or have reason to know of their ground for relief and circumstances where a petitioner was incapable of taking the steps necessary to raise their ground for relief within the limitations period."

*Id*.

After the Supreme Court issued its decision, petitioner then submitted a memorandum of additional authorities. Petitioner notes both that the Supreme Court rejected the notion that the escape clause in ORS 138.510(3) is a tolling provision and, further, that the Post-Conviction Hearings Act (PCHA) does not impose a "statute of ultimate repose for such claims" that fall within the escape clause. Petitioner asserts that, under *Ingle*, he is entitled to pursue his claim because it is not one that reasonably could

have been raised within the limitations period or within one of his two prior post-conviction petitions. Petitioner argues further that "[i]f petitioner could not reasonably have raised his ground for relief [within] the two years following [the] date" his conviction became final, then "his petition is not time-barred," because, under *Ingle*, there is no statute of ultimate repose for pursuing a post-conviction claim that falls within an escape clause.

In response, the superintendent argues that the Supreme Court's decision in *Ingle* does not displace our decision in *Canales-Robles*. The superintendent reasons that the Supreme Court did not address explicitly whether a petitioner eligible to invoke the escape clauses of ORS 138.510(3) and ORS 138.550(3) must do so within two years of the date the ground for relief became available to the petitioner. In the superintendent's view, this means that *Ingle* does not displace our decision in *Canales-Robles*. The superintendent argues further that, to depart from our holding in *Canales-Robles* that the escape clause of ORS 138.510(3) operates as a tolling provision, we must conclude that our interpretation of the escape clause as a tolling provision was plainly wrong. The superintendent asserts that, notwithstanding *Ingle*, *Canales-Robles* is not plainly wrong.

## ANALYSIS

As framed by the parties' arguments and the post-conviction court's ruling, this case presents two issues: (1) whether the facts alleged by petitioner establish that his post-conviction counsel could not reasonably have raised his claim related to credit for time served in petitioner's previous post-conviction petitions, so as to entitle him to the benefit of the escape clauses; and (2) if so, whether petitioner was required to file for post-conviction relief within two years of the date he became aware of the potential ground for relief.

On the first issue, we agree with the post-conviction court that the facts alleged by petitioner demonstrate that the asserted ground for relief was not reasonably available to petitioner, or his prior post-conviction lawyers, until DOC alerted petitioner in 2015 that it would not honor the stipulated plea agreement. Because that was long after petitioner

filed his first two petitions, the ground could not have been reasonably raised in the first two petitions.

Arguing otherwise, the superintendent posits that the ground was reasonably available to petitioner's prior post-conviction lawyers because, in the superintendent's view, petitioner's post-conviction lawyers could have researched the law and determined that petitioner's plea agreement was not one that could be implemented in a lawful way. We are not persuaded. As long as the state had not indicated to petitioner that it would not honor the terms of the sentence imposed as part of the stipulated plea agreement, petitioner did not have a viable claim for post-conviction relief. It is difficult to conceive of what, exactly, petitioner's claim would have been before DOC alerted petitioner that he would not get credit for time served; an anticipatory claim based on the theory that the state might not honor the agreement would likely not have been justiciable.

The remaining question is whether petitioner was required to file for relief within two years of discovering the basis for his claim. On that question, the parties and the post-conviction court assumed that ORS 138.510 imposes a two-year limitation period in this context, where a petitioner has filed previous petitions for post-conviction relief and is seeking to avoid the successive-petition bar of ORS 138.550(3) by demonstrating that a ground for relief "could not reasonably have been raised in" the prior petition or petitions. ORS 138.550(3). That assumption is subject to question. There is no indication in the text of ORS 138.550(3) or ORS 138.510(3) that the legislature intended to impose a time limitation for successive petitions asserting post-conviction claims that could not reasonably have been raised in a prior post-conviction proceeding. Ordinarily, "[i]t is not our role to add limitations that the legislature itself did not include." *PGE v. Alfalfa Solar I, LLC*, 323 Or App 531, 537, 524 P3d 124, *rev den*, 371 Or 308 (2023) (citing ORS 174.010).

Nevertheless, for purposes of this decision, we assume, as the parties have, that ORS 138.510(3) has some application to successive petitions filed under the escape clause of ORS 138.550(3). At this stage of the proceeding,

ORS 138.510(3), as construed in *Ingle*, required only that petitioner allege facts showing that he could not reasonably have raised his claim within two years of the date his conviction became final, something petitioner did here. As explained above, *Ingle* held that a petitioner satisfies the ORS 138.510(3) escape clause with respect to a ground for relief by demonstrating that the petitioner could not reasonably have raised the ground for relief within two years of the date the petitioner's conviction became final, nothing more, nothing less. 471 Or at 446. The court was clear that ORS 138.510 does not have a tolling provision but, instead, has an escape clause that operates as an *exception* to the limitations period, not as something that affects the running of the limitations period. *Id*. at 415. And the court was clear that the legislature did not impose an outer time limit—a statute of ultimate repose—on post-conviction claims. *Id*. at 432 n 4.

To the extent our decision in *Canales-Robles* holds that the escape clause of ORS 138.510(3) operates as a tolling provision, we overrule it.[2] That interpretation of the ORS 138.510(3) escape clause is irreconcilable with *Ingle*.[3] Our holding in *Canales-Robles* explicitly construed the ORS 138.510(3) escape clause as a tolling provision, holding that, as a result of the escape clause, "the statute of limitations is tolled during the time period that a claim could not reasonably have been raised." 314 Or App at 422. Similarly,

---

[2] Because this opinion overrules our existing precedent, the panel specifically advised all members of the court of the effect of its decision, but neither the chief judge nor a majority of the regularly elected or appointed judges referred, under ORS 2.570(5), the cause to be considered en banc.

[3] The superintendent argues that, because *Ingle* did not address the specific issues resolved in *Canales-Robles*, it does not supply a basis for us to conclude that the Supreme Court has displaced our decision in *Canales-Robles*. We disagree. *See State v. McKnight*, 293 Or App 274, 281, 426 P3d 669, *rev den*, 363 Or 817 (2018) (examining whether prior Court of Appeals decision was "irreconcilable or fundamentally unworkable" with subsequent Supreme Court decision to determine whether it should be overruled in light of subsequent Supreme Court decision). Unlike the situation addressed in *McKnight*, in which a subsequent Supreme Court decision was at odds with some, but not all, of our reasoning in support of our prior interpretation of a statute, in *Ingle*, the Supreme Court issued a statutory interpretation that is different from the one that we issued in *Canales-Robles*. The *Ingle* interpretation binds us. *Mastriano v. Board of Parole*, 342 Or 684, 692-93, 159 P3d 1151 (2007) (explaining that "an authoritative interpretation of [a] statute by [the Supreme Court] *** ordinarily should be controlling if the statute is unchanged in any pertinent way").

we reasoned that "[t]he statute of limitations does not commence until [a] ground [for] relief becomes available, if it ever does." *Id*. at 423. That construction of the escape clause cannot be reconciled with the Supreme Court's conclusion in *Ingle* that ORS 138.510 does not have a tolling provision.

We recognize that this means that some post-conviction claims might be filed long after the petitioner's conviction becomes final, and long after a ground for relief became available to the petitioner. But, as the Supreme Court recognized in *Ingle*, "the bar for establishing that the escape clause applies is high," something that will limit the number of such claims. 371 Or at 444. Beyond that, the choice whether to impose time limitations on claims that fall within either the ORS 138.510(3) escape clause or the ORS 138.550(3) escape clause is a choice that belongs to the legislature, not the courts: "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted." ORS 174.010

In sum, the post-conviction court correctly concluded that the facts alleged by petitioner, if proved, would entitle petitioner to the benefit of the escape clauses of both ORS 138.510(3) and ORS 138.550(3). The post-conviction court erred, however, when it determined that petitioner's failure to seek relief within two years of discovering the basis for relief required dismissal. Although the court's reasoning was correct under our decision in *Canales-Robles*, we must overrule *Canales-Robles* because it is irreconcilable with *Ingle*. To the extent ORS 138.510(3) has any application on these facts, under *Ingle*, petitioner was required to demonstrate simply that the ground for relief could not reasonably have been raised within two years of the date his conviction became final, a standard satisfied by the pleadings here.

Reversed and remanded.